United States District Court
for the
Southern District of New York

| | |
|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST<br><br>    Plaintiff<br><br>    v.<br><br>DEBRA PAGLIARO, JAMES PAGLIARO,<br><br>    Defendant(s) | )<br>)<br>)<br>) Civil Action No. 17-CV-7123<br>)<br>)<br>)<br>) COMPLAINT<br>)<br>)<br>)<br>)<br>) |

Plaintiff, by its attorneys Gross Polowy, LLC, for its complaint against the Defendants allege as follows:

## INTRODUCTION

1. This action is brought pursuant to New York Real Property Actions and Proceeding Law (RPAPL) Article 13, to foreclose a Mortgage encumbering 10 South Walnut Street, Beacon, NY 12508, together with the land, buildings, and other improvements located on the Property ("Property"). The legal description of the Property is attached as Schedule A.

## PARTIES

2. Plaintiff is a national banking association with its principal executive office at 300 East Delaware Avenue, 8th Floor, Wilmington, DE 19809. Plaintiff is the owner and holder of the subject Note and Mortgage or has been delegated authority to institute this Mortgage foreclosure action by the owner and holder of the subject Note and Mortgage. Attached here as Schedule B is a copy of the original consolidated note.

3. U.S. Bank Trust N.A. is empowered to hold, manage, and dispose of assets of the Trust and to prosecute legal actions on behalf of the LSF9 Master Participation Trust, including this mortgage foreclosure action. U.S. Bank Trust N.A. has legal title to and manages the assets of the LSF9 Master Participation Trust, and controls the litigation on behalf of the LSF9 Master Participation Trust.

4. Defendant Debra Pagliaro is a citizen of New York, and the owner of the Property.

5.      Defendant James Pagliaro is a citizen of New York, and the owner of the Property.

6.      The Defendants claim an interest or lien encumbering the Property, which is either subordinate to Plaintiff's Mortgage, or paid in full, equitably subordinated, or adverse to Plaintiff's Mortgage. The interest or lien of each defendant is attached as Schedule C.

7.      The interest or lien of any governmental entity is attached as Schedule D.

## STATEMENT OF JURISDICTION

8.      Federal subject matter jurisdiction exists pursuant to 28 USC §1332 because complete diversity exists among the Plaintiff and the Defendants and the amount in controversy, without interest and costs, exceeds the $75,000.00.

## VENUE

9.      Venue is proper pursuant to 28 USC §1391 because the Property is located in this District and a substantial part of the events and omissions giving rise to this action occurred in this District.

## FACTUAL BACKGROUND

10.      On or about February 13, 2003, Debra Pagliaro and James Pagliaro executed and delivered a Consolidated Note whereby Debra Pagliaro and James Pagliaro promised to pay the sum of $55,196.00 plus interest on the unpaid amount due.

11.      As security for the payment of the Note Debra Pagliaro and James Pagliaro duly executed and delivered a Mortgage, in the amount of $55,196.00 which was recorded as follows.

Recording Date: July 9, 2003
Instrument Number: 01 2003 15091
Dutchess County Clerk

12.      Plaintiff is also holder of a Mortgage in the amount of $161,446.13 executed by Debra Pagliaro and James Pagliaro which was recorded as follows and Mortgage tax paid thereon:

Recording Date: April 4, 2008
Instrument Number: 01 2008 3724
Dutchess County Clerk

13. Said Mortgage was consolidated with the Mortgage referred to in Instrument No: 01 2003 15091 by a Consolidation, Extension and Modification Agreement executed by Debra Pagliaro and James Pagliaro dated March 11, 2008 and recorded April 4, 2008 in Instrument Number: 01 2008 3725 in the Office of the Dutchess County Clerk to form a single lien in the amount of $202,492.00.

14. The consolidated Mortgage was subsequently assigned to Bank of America, N.A. successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP

15. The consolidated Mortgage was subsequently assigned by a corrective assignment to Bank of America, N.A. s/b/m to BAC Home Loans Servicing LP f/k/a Countrywide Home Loans Servicing LP.

16. The consolidated Mortgage was subsequently assigned to Secretary of Housing and Urban Development.

17. The consolidated Mortgage was subsequently assigned to U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust.

18. Said Note and Mortgage were modified by a Loan Modification Agreement executed by Debra Pagliaro and James Pagliaro on November 1, 2016 and recorded March 8, 2017 in Instrument Number: 01 2017 1528 in the Office of the Dutchess County Clerk.

19. Debra Pagliaro and James Pagliaro failed to make payment in accordance with the terms of the Note and Mortgage by not making the payment that was due on January 1, 2017 and subsequent payments.

20. There is now due and owing on the Note and Mortgage the following amounts:

Principal Balance: $190,808.01
Interest Rate: 5.875%
Date Interest Accrues from: December 1, 2016

There is now further due and owing on said mortgage the following deferred amount:

Deferred Balance:$102,267.05
Interest Rate: 0%

together with late charges, monies advanced for taxes, assessments, insurance, maintenance, and preservation of the Property, and the costs, allowances, expenses of sale, and reasonable attorney's fees for the foreclosure.

21.     In order to protect the value of the Property and its rights in the Property, the Plaintiff may have to pay taxes, assessments, water charges, insurance premiums, and other charges. Plaintiff requests that any amount it pays, together with interest, be included in the total amount due.

22.     Plaintiff has complied with the notice provision of the Mortgage and RPAPL Section 1304 and filed the information required by RPAPL Section 1306. The Mortgage was originated in compliance with all provisions of Section 595-a of the New York Banking Law and any rules or regulations promulgated thereunder, and, if applicable, Sections 6-l or 6-m of the Banking Law.

23.     No action was brought to recover any part of the Mortgage debt or if any such action is pending final judgment for Plaintiff was not rendered and it is the intent of the Plaintiff to discontinue it.

**WHEREFORE, PLAINTIFF DEMANDS:**

a. Judgment determining the amount due Plaintiff for principal, interest, late charges, taxes, assessments, insurance, maintenance and preservation of the Property and other similar charges, together with costs, allowances, expenses of sale, reasonable attorney's fees, all with interest;
b. A referee be appointed to sell the Property at auction to the highest bidder, in accordance with to RPAPL Article 13;
c. The interest of the defendants and all persons claiming by or through them be foreclosed and their title, right, claim, lien, interest or equity of redemption to the Property be forever extinguished;
d. The Plaintiff be paid out of the sale proceeds the amounts due for principal, interest, late charges, taxes, assessments, insurance, maintenance and preservation of the Property, and other similar charges, together with costs, allowances, expenses of sale, reasonable attorney's fees, all with interest, and that the sale proceeds be distributed in accordance with to RPAPL Article 13;
e. The property be sold in as is condition, subject to the facts an inspection or accurate survey of the Property would disclose, covenants, restrictions, easements and public utility agreements of record, building and zoning ordinances and violations, and the equity of redemption of the United States of America;
f. Plaintiff may purchase the Property at the sale;
g. A receiver be appointed for the Property, if requested by Plaintiff;
h. A deficiency judgment against Debra Pagliaro, to the extent allowable by law, for the amount that remains due after distribution of the sale proceeds, unless the debt was discharged in a bankruptcy or is otherwise uncollectable, be granted if requested by Plaintiff;
i. If the Plaintiff possesses other liens against the Property, they not merge with the Mortgage being foreclosed and that Plaintiff, as a subordinate lien holder, be allowed to share in any surplus proceeds resulting from the sale;

j.  That the Court award Plaintiff additional relief that is just, equitable and proper.

Dated: August 25, 2017
      Westbury, New York

By: _____
Stephen J. Vargas, Esq.
Attorneys for Plaintiff
900 Merchants Concourse, Suite 412
Westbury, NY 11590
Tel.: (716) 204-1700

## Schedule A - Legal Description

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND together with the buildings and improvements thereon erected, situate, lying and being in the City of Beacon, County of Dutchess and State of New York bounded and described as follows:

BEGINNING at a point on the easterly side of South Walnut Street at the southwesterly corner of lands now or formerly of Kovacs; and running thence along said lands of Kovacs and running thence along said lands of Kovacs South 43° 04' East 109 feet to lands now or formerly of Oliveri; thence South 46° 35' West 35.3 feet to lands now or formerly of Dolan; thence along lands now or formerly of Dolan North 42° 09' West 109.5 feet to the easterly side of South Walnut Street; thence along the easterly side of South Walnut Street North 47° 30' East 33.5 feet to the point or place of BEGINNING.

## Schedule B

Attached here as Schedule B is a copy of the original consolidated note. If applicable, certain non-public personal information has been redacted from the attached document.

Prepared by: HEATHER SORENSEN-AIKEN

CONSOLIDATED ~~ADJUSTABLE RATE~~ NOTE: This Note amends and restates in their entirety, and is given in substitution for, the Notes described in Exhibit A of the New York Consolidation, Extension, and Modification Agreement dated the same date as this Note.

**Multistate**

# NOTE

LOAN #: [redacted]

FHA Case No.
NY3713758853703

MARCH 11, 2008
[Date]

10 SOUTH WALNUT STREET, BEACON, NY 12508-2718
[Property Address]

### 1. PARTIES
"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means COUNTRYWIDE BANK, FSB
and its successors and assigns.

### 2. BORROWER'S PROMISE TO PAY; INTEREST
In return for a loan received from Lender, Borrower promises to pay the principal sum of
TWO HUNDRED TWO THOUSAND FOUR HUNDRED NINETY TWO and 00/100

Dollars (U.S. $202,492.00), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of FIVE & SEVEN-EIGHTHS percent ( 5.875 %) per year until the full amount of principal has been paid.

### 3. PROMISE TO PAY SECURED
Borrower's promise to pay is secured by a Mortgage, Deed of Trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

### 4. MANNER OF PAYMENT
**(A) Time**
Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on MAY 01, 2008. Any principal and interest remaining on the first day of APRIL, 2038, will be due on that date, which is called the "Maturity Date."
**(B) Place**
Payment shall be made at
P.O. Box 660694, Dallas, TX 75266-0694
or at such place as Lender may designate in writing by notice to Borrower.
**(C) Amount**
Each monthly payment of principal and interest will be in the amount of U.S. $1,197.82. This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.
**(D) Allonge to this Note for payment adjustments**
If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]

☐ Graduated Payment Allonge   ☐ Growing Equity Allonge   ☐ Other [specify]

### 5. BORROWER'S RIGHT TO PREPAY
Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

### 6. BORROWER'S FAILURE TO PAY
**(A) Late Charge for Overdue Payments**
If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of FOUR percent ( 4.000 %) of the overdue amount of each payment.

**(B) Default**
If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of

CASE #: NY3713758853703                                                         LOAN #: 187998860

payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

   (C) **Payment of Costs and Expenses**
      If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

**7.   WAIVERS**
   Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

**8.   GIVING OF NOTICES**
   Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.
   Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

**9.   OBLIGATIONS OF PERSONS UNDER THIS NOTE**
   If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ (Seal)
JAMES PAGLIARO                    -Borrower

PAY TO THE ORDER OF

WITHOUT RECOURSE
COUNTRYWIDE BANK, FSB

BY _____
   LAURIE MEDER
   SENIOR VICE PRESIDENT

_____ (Seal)
DEBRA PAGLIARO                    -Borrower

_____ (Seal)
                                  -Borrower

_____ (Seal)
                                  -Borrower

## Schedule C-Defendants

| | |
|---|---|
| Debra Pagliaro | Borrower |
| James Pagliaro | Borrower |

## **Schedule D – Defendants**

**NONE**