United States District Court
for the
Southern District of New York

| | |
|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST | ) ) ) |
| | ) Civil Action No. 17-CV-7123 |
| Plaintiff | ) ) |
| | ) |
| v. | ) CERTIFICATE OF MERIT |
| | ) PURSUANT TO N.Y. CPLR §3012-B |
| | ) |
| | ) |
| DEBRA PAGLIARO, JAMES PAGLIARO, | ) |
| | ) |
| Defendant(s) | ) |

1. I am an attorney at law duly licensed to practice in the State of New York, and am affiliated with the law firm of Gross Polowy, LLC, attorney for Plaintiff in this action.

2. This residential foreclosure action involves a home loan, as such term is defined in Real Property Actions and Proceedings Law §1304.

3. I have reviewed the facts of this case and reviewed pertinent documents, including the mortgage, security agreement and note or bond underlying the mortgage executed by defendant, all instruments of assignment (if any), and all other instruments of indebtedness including any modification, extension, and consolidation. Pertinent documents reviewed are attached hereto as Exhibit A.

4. I have consulted about the facts of this case with the following representatives of Plaintiff:

   Name                          Title
   Kolette Modlin                Authorized Officer

5. Upon this review and consultation, to the best of my knowledge, information, and belief, I certify that there is a reasonable basis for the commencement of this action, and that Plaintiff is the creditor entitled to enforce rights under these documents.

6. I am aware of my obligations under New York Rules of Professional Conduct (22 NYCRR Part 1200) and 22 NYCRR Part 130.

Dated: September 7, 2017

_____
Stephen J. Vargas, Esq.

CERTIFICATE OF MERIT
PURSUANT TO N.Y. CPLR §3012-b
Exhibit A

In support of the foregoing Certificate of Merit, attached hereto are:

  X                Note

  X                Mortgage

  X                Assignment

  X                CEMA/Loan Modification

Prepared by: HEATHER SORENSEN-AIKEN

CONSOLIDATED ~~ADJUSTABLE RATE~~ NOTE:  This Note amends and restates in their entirety, and is given in substitution for, the Notes described in Exhibit A of the New York Consolidation, Extension, and Modification Agreement dated the same date as this Note.

**Multistate**

# NOTE

FHA Case No.

LOAN #:

MARCH 11, 2008
[Date]

10 SOUTH WALNUT STREET, BEACON, NY 12508-2718
[Property Address]

## 1.    PARTIES
"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means COUNTRYWIDE BANK, FSB
and its successors and assigns.

## 2.    BORROWER'S PROMISE TO PAY; INTEREST
In return for a loan received from Lender, Borrower promises to pay the principal sum of
TWO HUNDRED TWO THOUSAND FOUR HUNDRED NINETY TWO and 00/100

Dollars (U.S. $202,492.00      ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of FIVE & SEVEN-EIGHTHS       percent (   5.875 %) per year until the full amount of principal has been paid.

## 3.    PROMISE TO PAY SECURED
Borrower's promise to pay is secured by a Mortgage, Deed of Trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4.    MANNER OF PAYMENT
### (A)  Time
Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on MAY 01, 2008       . Any principal and interest remaining on the first day of APRIL, 2038       , will be due on that date, which is called the "Maturity Date."
### (B)  Place
Payment shall be made at
P.O. Box 660694, Dallas, TX 75266-0694
or at such place as Lender may designate in writing by notice to Borrower.
### (C)  Amount
Each monthly payment of principal and interest will be in the amount of U.S. $1,197.82       . This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.
### (D)  Allonge to this Note for payment adjustments
If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of this allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]

☐  Graduated Payment Allonge       ☐  Growing Equity Allonge       ☐  Other [specify]

## 5.    BORROWER'S RIGHT TO PREPAY
Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

## 6.    BORROWER'S FAILURE TO PAY
### (A)  Late Charge for Overdue Payments
If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of FOUR       percent (   4.000 %) of the overdue amount of each payment  .

### (B)  Default
If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of

F Fixed Rate Note
2001R-XX (04/07)(d/i)                                   Page 1 of 2                        FHA Multistate Fixed Rate Note - 10/95





 

CASE #: ▮▮▮▮▮                                                          LOAN #: ▮▮▮▮▮

payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

**(C)  Payment of Costs and Expenses**

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

**7.    WAIVERS**

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

**8.    GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

**9.    OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ (Seal)
JAMES PAGLIARO                    -Borrower

_____ (Seal)
DEBRA PAGLIARO                    -Borrower

_____ (Seal)
                                  -Borrower

_____ (Seal)
                                  -Borrower

PAY TO THE ORDER OF

WITHOUT RECOURSE
COUNTRYWIDE BANK, FSB

BY _____
     LAURIE MEDER
     SENIOR VICE PRESIDENT



## DUTCHESS COUNTY CLERK RECORDING PAGE

RECORD & RETURN TO:

COUNTRYWIDE HOME LOANS INC
MS SV 79 DOCUMENT PROCESSING
PO BOX 10423
VAN NUYS                CA 91410

RECORDED: 04/04/2008

AT:        12:27:48

DOCUMENT #: 01 2008 3725

RECEIVED FROM:    MARATON ABSTRACT

MORTGAGOR: PAGLIARO JAMES
MORTGAGEE: COUNTRYWIDE BANK FSB

RECORDED IN:      MORTGAGE
INSTRUMENT TYPE: AGMT

TAX
DISTRICT: CITY OF BEACON

EXAMINED AND CHARGED AS FOLLOWS:

RECORDING CHARGE:              90.00

MORTGAGE AMOUNT:

MORTGAGE TYPE:      NO TAX/NO SER.#

NUMBER OF PAGES:  19

COUNTY TAX:
MTA TAX:
SPECIAL ADDL TAX:
1-6 FAMILY TAX:
MORTGAGE TAX LOCAL:
TOTAL TAX:

SERIAL NUMBER:

AFFIDAVIT:            Y

***  DO NOT DETACH THIS
***  PAGE
***  THIS IS NOT A BILL

COUNTY CLERK BY: CJT /_____
RECEIPT NO:    R20707
BATCH RECORD: A00180



BRADFORD KENDALL
County Clerk

After Recording Return To:
COUNTRYWIDE BANK, FSB
MS SV-79 DOCUMENT PROCESSING
P.O.Box 10423
Van Nuys, CA 91410-0423

Prepared By:
HEATHER SORENSEN-AIKEN

[Space Above This Line For Recording Data]

[Case #]

00018799886003008
[Doc ID #]

# CONSOLIDATION, EXTENSION, AND MODIFICATION AGREEMENT

MIN 1001337-0002867527-3

**WORDS USED OFTEN IN THIS DOCUMENT**

(A) "Agreement." This document, which is dated MARCH 11, 2008    and exhibits and riders attached
to this document will be called the "Agreement."

(B) "Borrower."
JAMES PAGLIARO, AND DEBRA PAGLIARO

will be called "Borrower" and sometimes "I" or "me." Borrower's address is
10 SOUTH WALNUT STREET, BEACON, NY 12508-2718

(C) "Lender."
COUNTRYWIDE BANK, FSB

will be called "Lender" and sometimes "Note Holder." Lender is a
FED SVGS BANK
exists under the laws of THE UNITED STATES                                   which
Lender's address is
1199 North Fairfax St. Ste.500, Alexandria, VA 22314

(D) "Mortgages." The mortgages, deeds of trust, or other security instruments and any additional Security
Instruments and related agreements (such as assignments, extensions, modifications, or consolidations of
mortgages) identified in Exhibit A to this Agreement will be called the "Mortgages."

(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting
solely as a nominee for Lender and Lender's successors and assigns. MERS is organized and existing under the laws of
Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
FOR PURPOSES OF RECORDING THIS AGREEMENT, MERS IS THE MORTGAGEE OF RECORD.

(F) "Note Holder." Lender or anyone who succeeds to Lender's rights under this Agreement and who is entitled to
receive the payments I agree to make under this Agreement may be called the "Note Holder."

(G) "Notes." The Notes which are identified in Exhibit A to this Agreement, and which are secured by
the Mortgages, will be called the "Notes."
THE PREMISES ARE IMPROVED OR ARE TO BE IMPROVED BY A ONE OR TWO
FAMILY RESIDENCE OR DWELLING ONLY.

(H) "Property." The property which is described in the Mortgage(s) and in Exhibit B (Property Description) to
this Agreement, will be called the "Property." The Property is located at:
10 SOUTH WALNUT STREET
[Street]

BEACON
[City]

DUTCHESS
[County]

NY, 12508-2718
[State and Zip Code]

Section: 130200    Block: 5954-27    Lot: 868876    Unit: P

NEW YORK CONSOLIDATION, EXTENSION, AND MODIFICATION AGREEMENT WITH MERS-
Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3172 1/01
(rev. 5/01)

MERS Consolidation, Extension, and Modification Agreement-NY
2850A-NY (12/07)(d/i)                                Page 1 of 9

Prepared by: HEATHER SORENSEN-AIKEN

**COUNTRYWIDE BANK, FSB**

DATE:            03/11/2008
CASE #:
DOC ID #:      00018799886003008
BORROWER:  JAMES PAGLIARO
PROPERTY ADDRESS: 10 SOUTH WALNUT STREET
                            BEACON, NY 12508-2718

Branch #: 0001429
90 EAST AVE, SUITE 200
SARATOGA SPRINGS, NY 12866
Phone: (518)226-4600
Br Fax No.: (518)580-1610

## LEGAL DESCRIPTION EXHIBIT A

All that certain plot, piece or parcel of land together with the buildings and improvements thereon erected situate, lying and being in the City of Beacon, County of Dutchess and State of New York bounded and described as follows:

Beginning at a point on the easterly side of South Walnut Street at the southwesterly corner of lands now or formerly of Kovacs; and running thence along said lands of Kovacs South 43° 04' East 109 feet to lands now or formerly of Oliveri; thence South 46° 35' West 35.3 feet to lands now or formerly of Dolan; thence along lands now or formerly of Dolan North 42° 09' West 109.5 feet to the easterly side of South Walnut Street; thence along the easterly side of South Walnut Street North 47° 30' East 33.5 feet to the point or place of beginning.

FHA/VA/CONV
Legal Description Exhibit A
2C404-XX (04/03)(d)

#:

CASE #: ▓▓▓▓▓▓
DOC ID #: 00018799886003008

X. **TYPE OF PROPERTY**
Check box(es) as applicable.

☐ This Agreement covers real property principally improved, or to be improved, by one or more structures containing, in the aggregate, not more than six (6) residential dwelling units with each dwelling unit having its own separate cooking facilities.

☒ This Agreement covers real property improved, or to be improved, by a one (1) or two (2) family dwelling.

☐ This Agreement does not cover real property improved as described above. By signing this Agreement, Lender and I agree to all of the above.

By signing this Agreement, Lender and I agree to all of the above.

COUNTRYWIDE BANK, FSB

_____ - Lender

By: _____
Kathleen Clyne AVC Manager(?)

Mortgage Electronic Registration Systems, Inc.
_____ - Mortgagee

By: _____
KATHLEEN CLYNE  AVC manager(?)

_____
JAMES PAGLIARO                          - Borrower

_____
DEBRA PAGLIARO                           - Borrower

_____ - Borrower

_____ - Borrower

MERS Consolidation, Extension, and Modification Agreement-NY
2830A-NY (12/07)                          Page 3 of 9                          Form 3172 1/01 (rev. 5/01)

DOC ID #: 00018799886003008

**EXHIBIT A**
(List of Mortgages, Notes, and Agreements)

(1) Reference is hereby made to the Mortgage given by James Pagliaro and Debra Pagliaro dated March 11, 2008 in favor of MERS Reg. System, solely as nominee for Lender and Lender's successors and assigns, securing the original principal balance of U.S. $161,446.13. This Mortgage is on a Fannie Mae/Freddie Mac Security Instrument and will be recorded together with this Agreement. At this date the unpaid principal balance is $161,446.13. This Mortgage secures a Note dated March 11, 2008.

(2) Reference is hereby made to the Mortgage given by James Pagliaro and Debra Pagliaro dated February 13, 2003 in favor of Aurora Loan Services, Inc., for the purposed of recording MERS is the mortgagee of record, securing the original principal amount of U.S. $55,196.00. This Mortgage was recorded in the Dutchess County Clerk's Office on September 9, 2003 as Document #: 01 2003 15091. At this date the unpaid principal balance secured by this Mortgage is U.S. $41,045.87. This Mortgage secures a Note dated February 13, 2003.

The above Mortgages are being consolidated into one lien in the amount of $202,492.00.

Page 5 of 9

Initials: _JP_

_DP_

CASH #: ▓▓▓▓▓▓▓                                    DOC ID #: 0001079986003008
I promise and I agree with Lender as follows:

## I. BORROWER'S AGREEMENT ABOUT OBLIGATION UNDER THE NOTES AND MORTGAGES

I agree to take over all of the obligations under the Notes and Mortgages as consolidated and modified by this Agreement as Borrower. This means that I will keep all of the promises and agreements made in the Notes and Mortgages even if some other person made those promises and agreements before me. The total unpaid principal balance of the Notes is U.S. $203,492.00        of this amount, U.S. $161,446.13        was advanced to me (or for my account) immediately prior to this consolidation.

## II. AGREEMENT TO COMBINE NOTES AND MORTGAGES

(A) By signing this Agreement, Lender and I are combining into one set of rights and obligations all of the promises and agreements stated in the Notes and Mortgages including any earlier agreements which combined, modified, or extended rights and obligations under any of the Notes and Mortgages. This means that all of Lender's rights in the Property are combined so that under the law Lender has one mortgage and I have one loan obligation which I will pay as provided in this Agreement. This combining of notes and mortgages is known as a "Consolidation."

(B) In the event that Exhibit A indicates that all of the Notes and Mortgages have already been combined by a previous agreement, then Lender and I agree to change the terms of Section II, paragraph (A) of this Agreement to the following:

Lender and I agree that all of the promises and agreements stated in the Notes and Mortgages — including any earlier agreements which combined, modified, or extended rights and obligations under any of the Notes and Mortgages — have been combined into one set of rights and obligations by an earlier agreement which is referred to in Exhibit A. This means that all of the Lender's rights in the Property have already been combined so that under the law Lender already has one mortgage and I have one loan obligation which I will pay as provided in this Agreement. The combining of notes and mortgages is known as a "Consolidation."

## III. AGREEMENT TO CHANGE TERMS OF THE CONSOLIDATED NOTE

Lender and I agree that the terms of the Notes are changed and restated to be the terms of the "Consolidated Note" which is attached to this Agreement as Exhibit C. The Consolidated Note contains the terms of payment for the amounts that I owe to Note Holder. I agree to pay the amounts due under the Notes in accordance with the terms of the Consolidated Note. The Consolidated Note will supersede all terms, covenants, and provisions of the Notes.

## IV. AGREEMENT TO CHANGE TERMS OF THE CONSOLIDATED MORTGAGE

Lender and I agree that the terms of the Mortgages are changed and restated to be the terms of the "Consolidated Mortgage" which is attached to this Agreement as Exhibit D. The Consolidated Mortgage secures the Consolidated Note and will constitute in law a single lien upon the Property. I agree to be bound by the terms set forth in the Consolidated Mortgage which will supersede all terms, covenants, and provisions of the Mortgages.

## V. NO SET-OFF, DEFENSES

I agree that I have no right of set-off or counterclaim, or any defense to the obligations of the Consolidated Note or the Consolidated Mortgage.

## VI. BORROWER'S INTEREST IN THE PROPERTY

I promise that I am the lawful owner occupying the Property and that I have the right to consolidate, modify, and extend the Notes and Mortgages.

## VII. WRITTEN TERMINATION OR CHANGE OF THIS AGREEMENT

This Agreement may not be terminated, changed, or amended except by a written agreement signed by the party whose rights or obligations are being changed by that agreement.

## VIII. OBLIGATIONS OF BORROWERS AND OF PERSONS TAKING OVER BORROWER'S OR LENDER'S RIGHTS OR OBLIGATIONS

If more than one person signs this Agreement as Borrower, each of us is fully and personally obligated to keep all of Borrower's promises and agreements contained in this Agreement. The Note Holder may enforce its rights under this Agreement against each of us individually or against all of us together.

The terms of the Consolidated Note and the Consolidated Mortgage may not allow any person to take over my rights or obligations under this Agreement. Lender and I agree that if any person is permitted to take over my rights and obligations under this Agreement, that person will have all of my rights and will be obligated to keep all of my promises and agreements made in this Agreement. Similarly, any person who takes over Lender's rights or obligations under this Agreement will have all of Lender's rights and will be obligated to keep all of Lender's agreements made in this Agreement.

## IX. LIEN LAW

I will receive all amounts lent to me by Lender subject to the trust fund provisions of Section 13 of the New York Lien Law. This means that I will: (A) hold all amounts which I receive and which I have a right to receive from Lender under the Consolidated Note as a "trust fund"; and (B) use those amounts to pay for "cost of improvement" (as defined in the New York Lien Law) before I use them for any other purpose. The fact that I am holding those amounts as a "trust fund" means that for any building or other improvement located on the Property I have a special responsibility under the law to use the amount in the manner described in this Section IX.

MERS Consolidation, Extension, and Modification Agreement-NY
2890A-NY (12/07)                                    Page 2 of 9                         Form 3172  1/01 (rev. 6/01)

*RPH*

CASE #: ▮▮▮▮
**STATE OF NEW YORK,**                    Dutchess      DOC ID #: 00018799986003008
                                                        County ss:

On the  11th  day of  March  2008  before me, the undersigned, a notary public in and
for said state, personally appeared
JAMES PAGLIARO, AND DEBRA PAGLIARO

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies),
and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the
individual(s) acted, executed the instrument.

A. CHRIST▮▮▮▮▮▮▮▮▮▮FELD
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN DUTCHESS COUNTY
#4761074
COMMISSION EXPIRES DEC. 31, 2▮▮

**STATE OF NEW YORK,**
                                                        County ss:
On the  11th  day of  March 2008                        Saratoga
for said state, personally appeared                     before me, the undersigned, a notary public in and

                    Kathleen Clyne

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies),
and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the
individual(s) acted, executed the instrument.

DAWN M. FIORILLO                          Dawn M. Fiorillo
Notary Public, State of New York          Notary Public
My Commission Expires August 1, 20 10

**STATE OF NEW YORK,**
                                                        County ss:
On the          day of                                  before me, the undersigned, a notary public in and
for said state, personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies),
and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the
individual(s) acted, executed the instrument.

                                                        Notary Public

Tax Map Information:

MERS Consolidation, Extension, and Modification Agreement-NY
2850A-NY (12/07)                    Page 4 of 9                    Form 3172  1/01 (rev. 9/01)

CASE #: ▮▮▮▮▮▮▮

**INSTRUCTIONS**

DOC ID #: 00018799986003008

The following instructions apply if this Agreement is used in a consolidation, extension, or modification of a single family loan intended for possible sale to Fannie Mae or Freddie Mac.

(1) All notes, security instruments, assignments, the most recent consolidation agreement and related agreements that modify, consolidate, or extend prior underlying obligations and which predate this Agreement must be listed in Exhibit A to this Agreement. The language in Exhibit A to this Agreement is only a sample and may be revised as appropriate.

If any new money is advanced, number (I) on Exhibit A should refer to both (a) the "Gap" Mortgage (i.e., the new money mortgage discussed in (5) below), and (b) the "Gap" Note (i.e., new money note discussed in (5) below).

(2) The metes and bounds description of the Property must be set forth in Exhibit B to this Agreement.

(3) The Consolidated Note must be the current version of the applicable Single Family Fannie Mae/Freddie Mac Uniform Note (e.g., Forms 3233, 3501, 3502, 3504, or 3514) with the following language inserted at the top of the document:

For Fixed Rate Notes:

**CONSOLIDATED NOTE**

This Note amends and restates in their entirety, and is given in substitution for,
the Notes described in Exhibit A of the New York Consolidation, Extension,
and Modification Agreement dated the same date as this Note.

For Adjustable Rate Notes:

**CONSOLIDATED ADJUSTABLE RATE NOTE**

This Note amends and restates in their entirety, and is given in substitution for,
the Notes described in Exhibit A of the New York Consolidation, Extension,
and Modification Agreement dated the same date as this Note.

The Consolidated Note, with all blanks completed, and any applicable addendum or addenda, must be executed by the Borrower(s) and a copy of the executed Consolidated Note must be attached hereto as Exhibit C. The repayment terms of the Consolidated Note (e.g., the consolidated principal amount, the monthly principal and interest payment, the interest rate and provisions for any interest rate and monthly payment changes applicable to the consolidated obligations) must be set forth in the Consolidated Note. The dollar amount entered in the first blank in Section I of this Agreement and the consolidated principal amount of the Consolidated Note must be the same.

(4) The Consolidated Mortgage must be the current version of the New York Single Family Fannie Mae/Freddie Mac Uniform Instrument (Form 3033). The Consolidated Mortgage, with all blanks completed, and any applicable riders (such as an adjustable rate rider), must be attached hereto as Exhibit D. The Consolidated Mortgage need not be signed by the Borrower(s). The dollar amount entered in the first blank in Section I of this Agreement and the dollar amount entered in the corresponding blank in the Consolidated Mortgage must be the same.

(5) For sales of loans to Fannie Mae and Freddie Mac, the Seller/Lender must deliver the executed and recorded original of this Agreement and all exhibits to it (or a certified true copy from the recording clerk, if the original is not yet available), together with the original Consolidated Note signed by the Borrower(s) and each original Note which is the original evidence of any part of Borrower's indebtedness set out in this Agreement.

(6) If new funds are advanced at the time of the consolidation and modification evidenced by this Agreement, the new obligation must be evidenced by an original of the new money note (the "Gap" Note) and an original of the new money mortgage (the "Gap" Mortgage) on the current Fannie Mae/Freddie Mac Single Family Uniform Instrument (Form 3033). The dollar amount entered in the second blank in Section I of this Agreement and the dollar amount entered in the corresponding blank on the Gap Note and Gap Mortgage must be the same. If no new funds are advanced at the time of the consolidation and modification, then the second blank in Section I of this Agreement should be zero. This new loan will then become a part of the Consolidated Note and the Consolidated Mortgage. It is not necessary that the repayment terms of the new loan, as set out in the Gap Note, reflect the terms of the Consolidated Note.

MERS Consolidation, Extension, and Modification Agreement-NY
2880A-NY (12/07)                                    Page 8 of 9                                    Form 3172  1/01 (rev. 6/07)

CASE #: ███████████        DOC ID #: 00018799886003008

**EXHIBIT B**
(Property Description)

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

All that certain plot, piece or parcel of land together with the buildings and improvements thereon erected situate, lying and being in the City of Beacon, County of Dutchess and State of New York bounded and described as follows:

Beginning at a point on the easterly side of South Walnut Street at the southwesterly corner of lands now or formerly of Kovacs; and running thence along said lands of Kovacs South 43° 04' East 109 feet to lands now or formerly of Oliveri; thence South 46° 35' West 35.3 feet to lands now or formerly of Dolan; thence along lands now or formerly of Dolan North 42° 09' West 109.5 feet to the easterly side of South Walnut Street; thence along the easterly side of South Walnut Street North 47° 30' East 33.5 feet to the point or place of beginning.

MERS Consolidation, Extension, and Modification Agreement-NY
2950A-NY (12/07)                    Page 7 of 9

Form 3172 1/01 (rev. 8/01)

CASE #: ███████

DOC ID #: 00018799886003008

**EXHIBIT C**
(Consolidated Note and Addenda)

MERS Consolidation, Extension, and Modification Agreement-NY
2850A-NY (12/07)                                        Page 8 of 9

Form 3172  1/01 (rev. 8/01)

Prepared by: HEATHER SORENSEN-AIKEN

CONSOLIDATED ADJUSTABLE RATE NOTE: This Note amends and restates in their entirety, and is given in substitution for, the Notes described in Exhibit A of the New York Consolidation, Extension, and Modification Agreement dated the same date as this Note.

**Multistate**

# NOTE

LOAN #: [redacted]                                         FHA Case No. [redacted]

MARCH 11, 2008
[Date]

10 SOUTH WALNUT STREET, BEACON, NY 12508-2718
[Property Address]

**1.    PARTIES**

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means COUNTRYWIDE BANK, FSB and its successors and assigns.

**2.    BORROWER'S PROMISE TO PAY; INTEREST**

In return for a loan received from Lender, Borrower promises to pay the principal sum of TWO HUNDRED TWO THOUSAND FOUR HUNDRED NINETY TWO and 00/100

Dollars (U.S. $202,492.00          ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of FIVE & SEVEN-EIGHTHS          percent (    5.875 %) per year until the full amount of principal has been paid.

**3.    PROMISE TO PAY SECURED**

Borrower's promise to pay is secured by a Mortgage, Deed of Trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

**4.    MANNER OF PAYMENT**

    **(A)  Time**

Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on MAY 01, 2008          . Any principal and interest remaining on the first day of APRIL, 2038          , will be due on that date, which is called the "Maturity Date."

    **(B)  Place**

Payment shall be made at
P.O. Box 660694, Dallas, TX 75266-0694
or at such place as Lender may designate in writing by notice to Borrower.

    **(C)  Amount**

Each monthly payment of principal and interest will be in the amount of U.S. $1,197.82          . This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

    **(D)  Allonge to this Note for payment adjustments**

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]

☐ Graduated Payment Allonge        ☐ Growing Equity Allonge        ☐ Other [specify]

**5.    BORROWER'S RIGHT TO PREPAY**

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

**6.    BORROWER'S FAILURE TO PAY**

    **(A)  Late Charge for Overdue Payments**

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of FOUR          percent (    4.000 %) of the overdue amount of each payment .

    **(B)  Default**

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of

F Fixed Rate Note
2001R-XX (04/07)(d/l)

Page 1 of 2

FHA Multistate Fixed Rate Note - 10/95

CASE #:                              LOAN #:

payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

(C)  **Payment of Costs and Expenses**

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

**7.  WAIVERS**

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

**8.  GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

**9.  OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ (Seal)
JAMES  PAGLIARO                                -Borrower

_____ (Seal)
DEBRA  PAGLIARO                                -Borrower

_____ (Seal)
                                               -Borrower

_____ (Seal)
                                               -Borrower

F Fixed Rate Note
2001R-XX (04/07)                    Page 2 of 2              FHA Multistate Fixed Rate Note - 10/95

CASE #: _____

EXHIBIT D
(Consolidated Mortgage and Riders)

DOC ID #: 00018799886003008

MERS Consolidation, Extension, and Modification Agreement-NY
2850A-NY (12/07)                     Page 9 of 9

Form 3172 1/01 (rev. 6/01)

THE PREMISES ARE IMPROVED OR ARE TO BE IMPROVED BY A ONE OR TWO
FAMILY RESIDENCE OR DWELLING ONLY.

Return To:
COUNTRYWIDE BANK, FSB
MS SV-79 DOCUMENT PROCESSING
P.O.Box 10423
Van Nuys, CA 91410-0423

Prepared By:
HEATHER SORENSEN-AIKEN

---

[Space Above This Line For Recording Data]

[Case 8]

**State of New York**                     00018799886003008
                                              [Doc ID #]

                          **MORTGAGE**        FHA Case No.
                                              NY3713758853703

                          MIN 1001337-0002867527-3

THIS MORTGAGE ("Security Instrument") is given on MARCH 11, 2008    . The Mortgagor is
JAMES PAGLIARO, AND DEBRA PAGLIARO

whose address is
10 SOUTH WALNUT STREET, BEACON, NY 12508-2718
("Borrower"). This Security Instrument is given to Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as
nominee for Lender, as hereinafter defined, and Lender's successors and assigns), as mortgagee. MERS is organized and
existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026,
tel. (888) 679- MERS. FOR PURPOSES OF RECORDING THIS MORTGAGE, MERS IS THE MORTGAGEE
OF RECORD.
COUNTRYWIDE BANK, FSB
("Lender") is organized and existing under the laws of THE UNITED STATES          , and has an address of
1199 North Fairfax St. Ste.500, Alexandria, VA 22314
Borrower owes Lender the principal sum of
TWO HUNDRED TWO THOUSAND FOUR HUNDRED NINETY TWO and 00/100

Dollars (U.S. $ 202,492.00 ✓    ). This debt is evidenced by Borrower's note dated the same date as this
Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due
and payable on APRIL 01, 2038         . This Security Instrument secures to Lender: (a) the repayment of
the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment
of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the
performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose,
Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors
and assigns) and to the successors and assigns of MERS, the following described property located
in DUTCHESS                   County, New York:
SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

Section: 1302DD  Block: 5954-27  ...: 86 8874 Unit:

FHA New York Mortgage with MERS - 4/96

MERS FHA Mortgage-NY
2004N-NY (11/07)(d)            Page 1 of 8                    Amended 2/01

CASE #: ▮▮▮▮▮▮▮                                    DOC ID #: 00018799886003008

which has the address of

10 SOUTH WALNUT STREET, BEACON
[Street, City]

New York 12508-2718   ("Property Address"):
[Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

1.   Payment of Principal, Interest and Late Charge. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

2.   Monthly Payment of Taxes, Insurance and Other Charges.   Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 *et seq.* and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument.  If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

3. Application of Payments. All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and

Fifth, to late charges due under the Note.

4. Fire, Flood and Other Hazard Insurance.  Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance.  This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary.  All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail.  Lender may make proof of loss if not made promptly by Borrower.  Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly.  All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of

MERS FHA Mortgage-NY
2004N-NY (11/07)                                   Page 2 of 6

Printed Page 15 of 19

CASE #: [redacted]                                    DOC ID #: 00018799886003008

such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

5.    Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds. Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

6.    Condemnation. The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

7.    Charges to Borrower and Protection of Lender's Rights in the Property. Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

8.    Fees. Lender may collect fees and charges authorized by the Secretary.

9.    Grounds for Acceleration of Debt.

(a)    Default. Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i)    Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii)    Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

(b)    Sale Without Credit Approval. Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

(i)    All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii)    The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

(c)    No Waiver. If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

(d)    Regulations of HUD Secretary. In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(e)    Mortgage Not Insured. Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to

MERS FHA Mortgage-NY
2004M-NY (11/07)                            Page 3 of 8

CASE #: [redacted]                                    DOC ID #: 0001879998600300B

insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10. Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Assignment of Rents.** To the extent permitted by applicable law, Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach.

MERS FHA Mortgage-NY
2004N-NY (11/07)                                    Page 4 of 6

CASE #: ▮▮▮▮▮▮▮                                    DOC ID #: 00018799886003008

Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

18.  Foreclosure Procedure.  If Lender requires immediate payment in full under paragraph 9, Lender may bring a lawsuit to take away all of the Borrower's remaining rights in the Property and have the Property sold. At this sale, Lender or another person may acquire the Property. This is known as "foreclosure and sale." In any lawsuit for foreclosure and sale, Lender will have the right to collect all costs and disbursements and additional allowances allowed by law and will have the right to add all reasonable attorneys' fees to the amount owed Lender, which fees shall become part of the Sums Secured.

Lender may require immediate payment in full under paragraph 9.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.

19.  Lender's Obligation to Discharge this Security Instrument.  When Lender has been paid all amounts due under the Note and under this Security Instrument, Lender will discharge this Security Instrument by delivering a certificate stating that this Security Instrument has been satisfied. Borrower will not be required to pay Lender for the discharge, but Borrower will pay all costs of recording the discharge in the proper official records.

20.  Agreements about New York Law.  Borrower will receive all amounts lent by Lender subject to the trust fund provisions of Section 13 of the New York Lien Law. This means that if, on the date this Security Instrument is recorded, construction or other work on any building or other improvement located on the Property has not been completed for at least four months, Borrower will:  (A) hold all amounts which Borrower received and which Borrower has a right to receive from Lender under the Note as a "trust fund"; and (B) use those amounts to pay for that construction or work before Borrower uses them for any other purpose. The fact that Borrower is holding those amounts as a "trust fund" means that for any building or other improvement located on the Property Borrower has a special responsibility under the law to use the amount in the manner described in this paragraph 20.

MERS FHA Mortgage-NY
2004N-NY (11/07)                              Page 5 of 8

CASE #:                           DOC ID #: 00018799886003008

**21. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

☐ Condominium Rider          ☐ Growing Equity Rider          ☐ Other [specify]
☐ Planned Unit Development Rider   ☐ Graduated Payment Rider

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_____ (Seal)
JAMES PAGLIARO                    -Borrower

_____ (Seal)
DEBRA PAGLIARO                    -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

STATE OF NEW YORK County of                          )ss.

On the _____ day of _____ in the year _____ before me, the undersigned, a notary public in and for said state, personally appeared _____

_____
_____

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

My Commission Expires:

                          _____
                          Notary Public

Tax Map Information:   02005954-27-868876-0000

MERS FHA Mortgage-NY
2004N-NY (11/07)                    Page 6 of 6



## Dutchess County Clerk Recording Page

Record & Return To :

> CORELOGIC
> 450 E BOUNDARY ST
>
> CHAPIN , SC  29036-

Date Recorded :   11/17/2011
Time Recorded :      11:02:00

Document # : 01 2011 3585A

Received From :     CORELOGIC

Mortgagor   : AURORA LOAN SERVS INC
Mortgagee : BANK OF AMERICA NA

Recorded In :      Assignment of Mortgage
Original Mortgagor : PAGLIARO JAMES

### Examined and Charged As Follows :

Recording Charge :                    $59.00

Number of Pages : 3

\*\*\* Do Not Detach This Page
\*\*\* This Is Not A Bill

# 2003- 1509 ✓
# 2008 - 3724 ✗

County Clerk By :      ace / _____
Receipt # :            R58927
Batch Record :         B212

Bradford Kendall
County Clerk



Recording Requested By:
**Bank of America**
Prepared By: Mercedes Judilla
888-603-9011
When recorded mail to:
CoreLogic
450 E. Boundary St.
Attn: Release Dept.
Chapin, SC 29036

DocID# 16718799886021035
Property Address:
10 S Walnut St
Beacon, NY 12508-2718
Property Location:
City of BEACON
HY004-AM 13169293    11/2/2011                    This space for Recorder's use

MIN #: 1001337-0002867527-3         MERS Phone #: 888-679-6377

## ASSIGNMENT OF MORTGAGE

For Value Received, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR AURORA LOAN SERVICES INC., A DELAWARE CORPORATION, the undersigned holder of the Mortgage described below (herein "Assignor") whose address is 3300 S.W. 34TH AVENUE, SUITE 101 OCALA, FL 34474 does hereby grant, sell, assign, transfer and convey unto BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP whose address is 400 NATIONAL WAY, SIMI VALLEY, CA 93065 all beneficial interest under that certain security instrument described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said security instrument.

Original Lender:     MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS
                     NOMINEE FOR AURORA LOAN SERVICES INC., A DELAWARE
                     CORPORATION
Made By:             JAMES PAGLIARO AND DEBRA PAGLIARO, HUSBAND AND WIFE
Date of Mortgage:    2/13/2003
Original Loan Amount: $55,196.00
Section: 130200    Lot: 868876    Block: 5954-37

Recorded in Dutchess County, NY on: 7/9/2003, book N/A, page N/A and instrument number 01 2003 15091

This assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an assignment within the secondary mortgage market.

(1) The Mortgage given by JAMES PAGLIARO AND DEBRA PAGLIARO, HUSBAND AND WIFE dated February 13, 2003 in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR AURORA LOAN SERVICES INC., A DELAWARE CORPORATION securing the original principal amount of U.S. $55,196.00. This Mortgage was recorded on July 9, 2003, in the County of Dutchess, State of NY, Document/Instrument number 01 2003 15091.

(2) The Mortgage given by JAMES PAGLIARO, AND DEBRA PAGLIARO dated March 11, 2008 in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COUNTRYWIDE BANK, FSB securing the original principal amount of U.S. $161,446.13. This Mortgage was recorded on April 4, 2008, in the County of Dutchess, State of NY, Document/Instrument number 01 2008 3724.

A Consolidation, Extension and Modification Agreement made between JAMES PAGLIARO, AND DEBRA PAGLIARO and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COUNTRYWIDE BANK, FSB dated March 11, 2008 consolidating Mortgages 1 and 2 to form a single lien of $202,492.00 was recorded on April 4, 2008, in the County of Dutchess, State of NY, Document/Instrument number 01 2008 3725.

This Mortgage has not been assigned unless otherwise stated below:

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on Dated:
NOV 04 2011

                     MORTGAGE ELECTRONIC REGISTRATION
                     SYSTEMS, INC., AS NOMINEE FOR AURORA LOAN
                     SERVICES INC., A DELAWARE CORPORATION

                     By: _____
                     Jane Marlorana Assistant Secretary

State of California
County of Ventura

On __NOV 0 4 2011__ before me, **Lillian J Ellison** _____, Notary Public, personally
appeared _____**Jane Marlorana**_____, who proved to me on the basis of satisfactory evidence to be
the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument
the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Notary Public: _____
My Commission Expires: _____

(Seal)

LILLIAN J. ELLISON
Commission # 1925017
Notary Public - California
Los Angeles County
My Comm. Expires Mar 13, 2015

DocID#    16718799886021035



## Dutchess County Clerk Recording Page

Record & Return To :

> BERKMAN HENOCH PETERSON
> PEDDY & FENCHEL PC
> 100 GARDEN CITY PLAZA
> GARDEN CITY , NY  11530-

Date Recorded :  02/03/2014
Time Recorded :     10:52:00

Document # : 01 2014 341A

Received From :     ADVANTAGE FORECLOSURE

Mortgagor   : COUNTRYWIDE BANK FSB
Mortgagee  : BANK OF AMERICA NA

Recorded In :     ASSIGNMENT of Mortgage
Original Mortgagor :  CORR/PAGLIARO JAMES

### Examined and Charged As Follows :

Recording Charge :                    $64.50

Number of Pages : 4

\*\*\* Do Not Detach This Page
\*\*\* This Is Not A Bill

03 ·15091
08· 3724
11· 3565A

County Clerk By :     cth / _____
Receipt # :             R6146
Batch Record :         A248



Bradford Kendall
County Clerk

Section: 5954
Block: 27
Lot: 868876

BERKMAN, HENOCH, PETERSON, PEDDY & FENCHEL, P.C.
100 GARDEN CITY PLAZA
GARDEN CITY, NY 11530

*CORRECTION
ASSIGNMENT OF MORTGAGE

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COUNTRYWIDE BANK, FSB, its successors and assigns, having an address at 1901 East Voorhees Street, Suite C, Danville, Illinois 61834; P.O. Box 2026, Flint, Michigan 48501, Assignor

in consideration of ten and no/100 ($10.00) Dollars and other good and valuable consideration paid by:

BANK OF AMERICA, N.A. SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP F/KA COUNTRYWIDE HOME LOANS SERVICING, LP Assignee, having an address of 7105 Corporate Drive, Plano, Texas 75024, hereby assigns unto the assignee, the following mortgages as consolidated:

Mortgage (i) made by JAMES PAGLIARO and DEBRA PAGLIARO given to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR AURORA LOAN SERVICES, INC., its successors and assigns, to secure payment of the sum of $55,196.00 Dollars and interest, dated 2/13/2003 and recorded on 7/9/2003, in the Office of the Clerk of the County of DUTCHESS in DOCUMENT NO.: 01 2003 15091;

Mortgage (ii) made by JAMES PAGLIARO and DEBRA PAGLIARO given to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE BANK, FSB, its successors and assigns, to secure payment of the sum of $161,446.13 Dollars and interest, dated 3/11/2008 and recorded on 4/4/2008, in the Office of the Clerk of the County of DUTCHESS in DOCUMENT NO.: 01 2008 3724;

Thereafter, mortgages (i) and (ii) were consolidated and modified as to constitute a single lien of $202,492.00 by Consolidation, Extension and Modification Agreement dated 3/11/2008 made by JAMES PAGLIARO and DEBRA PAGLIARO and delivered to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE BANK, FSB, its successors and assigns, and recorded on 4/4/2008 in the Office of the Clerk of the County of DUTCHESS in DOCUMENT NO.: 01 2008 3725;

Assigned and recorded in the Office of the Clerk of the County of DUTCHESS as follows:
Assignor: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR AURORA LOAN SERVICES, INC., its successors and assigns .
Assignee: BANK OF AMERICA, N.A. SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP F/K/A COUNTRYWIDE HOME LOANS SERVICING, LP
Dated: 11/04/2011      Recorded: 11/17/2011
DOCUMENT NO.: 01 2011 3565A

covering premises 10 SOUTH WALNUT STREET, BEACON, NY 12508: SEE SCHEDULE A, ATTACHED, FOR LEGAL DESCRIPTION

TO HAVE AND TO HOLD, the same unto the assignee, and to the successors, legal representatives and assigns of the assignee.

This assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an assignment within the secondary mortgage market.

JAMES PAGLIARO and DEBRA PAGLIARO - 10 SOUTH WALNUT STREET, BEACON, NY 12508

This Assignment is made to and accepted by the Assignee without warranty or representation on the part of the assignor and without recourse to the assignor in any event whatsoever.

This Assignment is being made and recorded to correct the Assignment of Mortgage from MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR AURORA LOAN SERVICES, INC., its successors and assigns, into BANK OF AMERICA, N.A. SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP F/K/A COUNTRYWIDE HOME LOANS SERVICING, LP, dated November 4, 2011 and recorded in the Office of the Clerk of the County of Dutchess on November 17, 2011 in DOCUMENT NO.: 01 2011 3565A. The purpose of this correction is to correctly identify the name of the Assignor as MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COUNTRYWIDE BANK, FSB, its successors and assigns.

IN WITNESS WHEREOF, the Assignor has duly executed the Assignment on ___Jan   15___, 2014.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COUNTRYWIDE BANK, FSB, its successors and assigns

BY: _____
Cecilia Rodriguez Assistant Secretary

State of _California_ )
County of _Ventura_ )

On _Jan 15, 2014_ before me, ___L.A. LLANOS, Notary Public___
                                    (Insert name and title of the officer)

Personally appeared _____Cecilia Rodriguez_____
Who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of _California_ that the foregoing paragraph is true and correct.

Witness my hand and official seal.

Signature _____ (Seal)
L.A. Llanos
Exp. 01/14/15

L.A. LLANOS
Commission # 1921705
Notary Public - California
Los Angeles County
My Comm. Expires Jan 14, 2015

JAMES PAGLIARO and DEBRA PAGLIARO - 10 SOUTH WALNUT STREET, BEACON, NY 12508

ADVANTAGE FORECLOSURE SERVICES, INC.

Title No. FCL-93039-13  (File No. BHLS.105804)

## SCHEDULE A
### DESCRIPTION

Section 5954, Block 27 and Lot 868876

ALL that certain plot, piece or parcel of land with the buildings and improvements thereon erected, situate, lying and being in the City of Beacon, County of Dutchess and State of New York bounded and described as follows:

BEGINNING at a point on the Easterly side of South Walnut Street at the Southwesterly corner of lands now or formerly of Kovacs;

RUNNING THENCE along said lands of Kovacs South 43 degrees 04 minutes East 109 feet to lands now or formerly of Oliveri;

THENCE South 46 degrees 35 minutes West 35.3 feet to lands now or formerly of Dolan;

THENCE along lands now or formerly of Dolan North 42 degrees 09 minutes West 109.5 feet to the Easterly side of South Walnut Street;

THENCE along the Easterly side of South Walnut Street North 47 degrees 30 minutes East 33.5 feet to the point or place of BEGINNING.

Premises known as 10 South Walnut Street, Beacon, New York



### Dutchess County Clerk Recording Page

Record & Return To:

| | |
|---|---|
| CALIBER HOME LOANS INC | |
| 13801 WIRELESS WAY | |
| OKLAHOMA CITY, OK 73134 | |

Date Recorded:     7/13/2015
Time Recorded:     12:19 PM

Document #:     01-2015-1463A

Received From: ADVANTAGE FORECLOSURE SERVS INC

Mortgagor:  BANK OF AMERICA NA
Mortgagee: HOUSING & URBAN DEVELOPMENT

Recorded In:        ASSIGNMENT OF MORTGAGE
Instrument Type:   ASSN
Original Mortgagor:  PAGLIARO JAMES

Examined and Charged As Follows :

Recording Charge:          $69.00

Number of Pages:    5

*** Do Not Detach This Page
*** This is Not A Bill

County Clerk By:    oca
Receipt #:            94923
Batch Record:       1959



Bradford Kendall
County Clerk

Printed Page 1 of 5

#:



RECORD 1ST

RECORDING REQUESTED BY AND WHEN RECORDED RETURN TO:
Caliber Home Loans, Inc.
13801 Wireless Way
Oklahoma City, OK 73134

Space Above This Line For Recorder's Use

Prepared By:      Nancy Ortiz          Control Number
MERS Min:         100133700028675273   Caliber Document ID#   196838

Parcel ID: —

## ASSIGNMENT OF MORTGAGE/DEED OF TRUST

FOR VALUE RECEIVED, the undersigned BANK OF AMERICA N.A., SUCCESSOR BY MERGER TO BAC
HOME LOAN SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP whose address is
1800 TAPO CANYON ROAD. SIMI VALLEY, CA 93063, hereby grants, assigns and transfers to SECRETARY
OF HOUSING AND URBAN DEVELOPMENT whose address is 451 7TH ST, S.W., WASHINGTON D.C.
20410 all beneficial interest under that certain Deed of Trust dated 3/11/2008 executed by JAMES PAGLIARO and
DEBRA PAGLIARO to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE
FOR COUNTRYWIDE BANK, FSB., ITS SUCCESSORS AND ASSIGNS in the amount of $202,492.00 and
recorded on 4/4/2008 as Instrument # 01 2008 3725. In Book/Volume or Liber No. — , Page/folio — of Official
Records in the County Recorder's office of DUTCHESS County, NY, describing land herein as: 'SEE ATTACHED
'EXHIBIT A'.

Property Address:     10 SOUTH WALNUT STREET, BEACON NY  12508

TOGETHER with the note or notes therein described or referred to, the money due and to become due
thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated this 24th day of April of 2015          BANK OF AMERICA N.A., SUCCESSOR BY MERGER
                                             TO BAC HOME LOAN SERVICING. LP FKA
                                             COUNTRYWIDE HOME LOANS SERVICING LP. BY
                                             CALIBER HOME LOANS, INC. AS ITS ATTORNEY IN
                                             FACT

Witness #1  Brandi Coulter

Witness #2  Kerry Brashears

County of Oklahoma )                         By:      Kendra Cook
State of Oklahoma )                          Title:   Vice President

On April 24, 2015 before me, Nancy Ortiz, a Notary Public in and for Oklahoma County, in the State of
Oklahoma, personally appeared, Kendra Cook, Vice President of Caliber Home Loans, Inc. & personally
known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s)
is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the
entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand official seal,

Notary Name:  Nancy Ortiz                    My Commission Expires:     9/29/2016

This Assignment is not subject to the requirements of Section Two Hundred Seventy-Five of the Real
Property Law because it is an assignment within the secondary mortgage market."

**EXHIBIT B**

Mortgage (i) made by JAMES PAGLIARO and DEBRA PAGLIARO given to MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR AURORA LOAN SERVICES,
INC., its successors and assigns, to secure payment of the sum of $55,196.00 Dollars and interest, dated
2/13/2003 and recorded on 7/9/2003, in the Office of the Clerk of the County of DUTCHESS in
DOCUMENT NO.: 01 2003 15091; ✓

Mortgage (ii) made by JAMES PAGLIARIO and DEBRA PAGLIARO given to MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE BANK,
FSB, its successors and assigns, to secure payment of the sum of $161,446.13 Dollars and interest, dated
3/11/2008 and recorded on 4/4/2008, in the Office of the Clerk of the County of DUTCHESS in
DOCUMENT NO.: 01 2008 3724; ✓

Thereafter, mortgage (i) and (ii) were consolidated and modified as to constitute a single lien
of $202,492.00 by Consolidation, Extension and Modification Agreement dated 3/11/2008 made by
JAMES PAGLIARO and DEBRA PAGLIARO and delivered to MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE BANK, FSB, its successors
and assigns, and recorded on 4/4/2008 in the Office of the Clerk of the County of DUTCHESS in
DOCUMENT NO.: 01 2008 3725;

Assignor: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR
AURORA LOAN SERVICES, INC., its successors and assigns
Assignee: BANK OF AMERICA, N.A. SUCCESSOR BY MERGER TO BAC HOME LOANS
SERVICING, LP F/K/A COUNTRYWIDE HOME LOANS SERVICING, LP
Dated: 11/04/2011      Recorded: 11/17/2011
Document No.: 01 2011 3565A

This Assignment is being made and recorded to correct the Assignment of Mortgage from MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR AURORA LOAN SERVICES,
INC., its successors and assigns, into BANK OF AMERICA, N.A. SUCCESSOR BY MERGER TO
BAC HOME LOANS SERVICING, LP F/K/A COUNTRYWIDE HOME LOANS SERVICING, LP,
dated November 4, 2011 in DOCUMENT NO.: 01 2011 3565A. The purpose of this correction is to
correctly identify the name of the Assignor as MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., AS NOMINEE FOR COUNTRYWIDE BANK, FSB, its successors and assigns.

Assignment of Mortgage executed on 4/24/15 for BANK OF AMERICA N.A., SUCCESSOR BY MERGER
TO BAC HOME LOAN SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP to
SECRETARY OF HOUSING AND URBAN DEVELOPMENT, to be recorded simultaneously herewith
 Assignment of Mortgage executed on 4/24/15 for SECRETARY OF HOUSING AND URBAN
DEVELOPMENT to U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER
PARTICIPATION TRUST, to be recorded simultaneously herewith

## EXHIBIT B

Mortgage (i) made by JAMES PAGLIARO and DEBRA PAGLIARO gives to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR AURORA LOAN SERVICES, INC., its successors and assigns, to secure payment of the sum of $55,196.00 Dollars and interest, dated 2/13/2003 and recorded on 7/9/2003, in the Office of the Clerk of the County of DUTCHESS in DOCUMENT NO.: 01 2003 15092;

Mortgage (ii) made by JAMES PAGLIARO and DEBRA PAGLIARO given to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE BANK, FSB, its successors and assigns, to secure payment of the sum of $161,446.13 Dollars and interest, dated 3/11/2008 and recorded on 4/4/2008, in the Office of the Clerk of the County of DUTCHESS in DOCUMENT NO.: 01 2008 3724;

Thereafter, mortgages (i) and (ii) were consolidated and modified as to constitute a single lien of $202,492.00 by Consolidation, Extension and Modification Agreement dated 3/11/2008 made by JAMES PAGLIARO and DEBRA PAGLIARO and delivered to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE BANK, FSB, its successors and assigns, and recorded on 4/4/2008 in the Office of the Clerk of the County of DUTCHESS in DOCUMENT NO.: 01 2008 3725;

Assignor: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR AURORA LOAN SERVICES, INC., its successors and assigns
Assignee: BANK OF AMERICA, N.A. SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP F/K/A COUNTRYWIDE HOME LOANS SERVICING, LP
Dated: 11/08/2011    Recorded: 11/17/2011
DOCUMENT NO.: 01 2011 3565A

This Assignment is being made and recorded to correct the Assignment of Mortgage from MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR AURORA LOAN SERVICES, INC., its successors and assigns, into BANK OF AMERICA, N.A. SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP F/K/A COUNTRYWIDE HOME LOANS SERVICING, LP, dated November 8, 2011 and recorded in the Office of the Clerk of the County of Dutchess on November 17, 2011 in DOCUMENT NO.: 01 2011 3565A. The purpose of this correction is to correctly identify the name of the Assignor as MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COUNTRYWIDE BANK, FSB, its successors and assigns.

Assignment of Mortgage executed on 4/24/15 for BANK OF AMERICA N.A., SUCCESSOR BY MERGER TO BAC HOME LOAN SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP to SECRETARY OF HOUSING AND URBAN DEVELOPMENT, to be recorded simultaneously herewith

Assignment of Mortgage executed on 4/24/15 for SECRETARY OF HOUSING AND URBAN DEVELOPMENT to U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, to be recorded simultaneously herewith

ADVANTAGE FORECLOSURE SERVICES, INC.

Title No. FCL-93039-13  (File No. BHLS.105804)

**SCHEDULE A**
**DESCRIPTION**

<u>Section 5954, Block 27 and Lot 868876</u>

ALL that certain plot, piece or parcel of land with the buildings and improvements thereon erected, situate, lying and being in the City of Beacon, County of Dutchess and State of New York bounded and described as follows:

BEGINNING at a point on the Easterly side of South Walnut Street at the Southwesterly corner of lands now or formerly of Kovacs;

RUNNING THENCE along said lands of Kovacs South 43 degrees 04 minutes East 109 feet to lands now or formerly of Oliveri;

THENCE South 46 degrees 35 minutes West 35.3 feet to lands now or formerly of Dolan;

THENCE along lands now or formerly of Dolan North 42 degrees 09 minutes West 109.5 feet to the Easterly side of South Walnut Street;

THENCE along the Easterly side of South Walnut Street North 47 degrees 30 minutes East 33.5 feet to the point or place of BEGINNING.

Premises known as 10 South Walnut Street, Beacon, New York



## Dutchess County Clerk Recording Page

Record & Return To:

| | |
|---|---|
| CALIBER HOME LOANS INC<br>13801 WIRELESS WAY<br><br>OKLAHOMA CITY, OK 73134 | Date Recorded:      7/13/2015<br>Time Recorded:      12:19 PM<br><br>Document #:      01-2015-1464A |

Received From: ADVANTAGE FORECLOSURE SERVS INC

Mortgagor: HOUSING & URBAN DEVELOPMENT
Mortgagee: US BANK TRUST NA

Recorded In:      ASSIGNMENT OF MORTGAGE
Instrument Type:      ASSN
Original Mortgagor: PAGLIARO JAMES

### Examined and Charged As Follows :

Recording Charge:      $69.00

Number of Pages:    5

\*\*\* Do Not Detach This Page
\*\*\* This is Not A Bill

County Clerk By:    ccs
Receipt #:      94923
Batch Record:      1959

Bradford Kendall
County Clerk





RECORD 2ND

RECORDING REQUESTED BY AND WHEN RECORDED RETURN TO:

Caliber Home Loans, Inc.
13801 Wireless Way
Oklahoma City, OK 73134

Space Above This Line For Recorder's Use

Prepared By:    Nancy Ortiz    Control Number  ▮▮▮▮▮
MERS Min:    100133700028675273    Caliber Document ID#  196840

Parcel ID:  --

## ASSIGNMENT OF MORTGAGE/DEED OF TRUST

FOR VALUE RECEIVED, the undersigned SECRETARY OF HOUSING AND URBAN DEVELOPMENT whose address is 451 7TH ST, S.W., WASHINGTON D.C. 20410, hereby grants, assigns and transfers to U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST whose address is 2711 N HASKELL AVENUE, 1700 , DALLAS, TEXAS 75204 all beneficial interest under that certain Deed of Trust dated 3/11/2008 executed by JAMES PAGLIARO and DEBRA PAGLIARO to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COUNTRYWIDE BANK, FSB., ITS SUCCESSORS AND ASSIGNS in the amount of $302,492.00 and recorded on 4/4/2008 as Instrument # 01 2008 3725, in Book/Volume or Liber No. -- , Page/Folio -- of Official Records in the County Recorder's office of DUTCHESS County, NY, describing land herein as: 'SEE ATTACHED 'EXHIBIT A'.

Property Address:    10 SOUTH WALNUT STREET, BEACON NY 12508

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated this 24th day of April of 2015

*Brandi Colek*

Witness #1    Brandi Coulter

Witness #2    Kerry Brashears

County of Oklahoma )
State of Oklahoma )

SECRETARY OF HOUSING AND URBAN
DEVELOPMENT, BY CALIBER HOME LOANS, INC., AS
ITS ATTORNEY IN FACT

By:    Kendra Cook
Title:    Vice President

On April 24, 2015 before me, Nancy Ortiz, a Notary Public in and for Oklahoma County, in the State of Oklahoma, personally appeared, Kendra Cook, Vice President of Caliber Home Loans, Inc. & personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand official seal,

Notary Name:    Nancy Ortiz    My Commission Expires:    9/29/2016

This Assignment is not subject to the requirements of Section Two Hundred Seventy-Five of the Real Property Law because it is an assignment within the secondary mortgage market."

**EXHIBIT B**

Mortgage (i) made by JAMES PAGLIARO and DEBRA PAGLIARO given to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR AURORA LOAN SERVICES, INC., its successors and assigns, to secure payment of the sum of $55,196.00 Dollars and interest, dated 2/13/2003 and recorded on 7/9/2003, in the Office of the Clerk of the County of DUTCHESS in DOCUMENT NO.: 01 2003 15091;  ✓

Mortgage (ii) made by JAMES PAGLIARIO and DEBRA PAGLIARO given to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE BANK, FSB, its successors and assigns, to secure payment of the sum of $161,446.13 Dollars and interest, dated 3/11/2008 and recorded on 4/4/2008, in the Office of the Clerk of the County of DUTCHESS in DOCUMENT NO.: 01 2008 3724;  ✓

Thereafter, mortgage (i) and (ii) were consolidated and modified as to constitute a single lien of $202,492.00 by Consolidation, Extension and Modification Agreement dated 3/11/2008 made by JAMES PAGLIARO and DEBRA PAGLIARO and delivered to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE BANK, FSB, its successors and assigns, and recorded on 4/4/2008 in the Office of the Clerk of the County of DUTCHESS in DOCUMENT NO.: 01 2008 3725;

Assignor: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR AURORA LOAN SERVICES, INC., its successors and assigns
Assignee: BANK OF AMERICA, N.A. SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP F/K/A COUNTRYWIDE HOME LOANS SERVICING, LP
Dated: 11/04/2011    Recorded: 11/17/2011
Document No.: 01 2011 3565A

This Assignment is being made and recorded to correct the Assignment of Mortgage from MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., its successors and assigns, into BANK OF AMERICA, N.A. SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP F/K/A COUNTRYWIDE HOME LOANS SERVICING, LP, dated November 4, 2011 in DOCUMENT NO.: 01 2011 3565A. The purpose of this correction is to correctly identify the name of the Assignor as MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COUNTRYWIDE BANK, FSB, its successors and assigns.

Assignment of Mortgage executed on 4/24/15 for BANK OF AMERICA N.A., SUCCESSOR BY MERGER TO BAC HOME LOAN SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP to SECRETARY OF HOUSING AND URBAN DEVELOPMENT, to be recorded simultaneously herewith
Assignment of Mortgage executed on 4/24/15 for SECRETARY OF HOUSING AND URBAN DEVELOPMENT to U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, to be recorded simultaneously herewith

## EXHIBIT B

Mortgage (i) made by JAMES PAGLIARO and DEBRA PAGLIARO given to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR AURORA LOAN SERVICES, INC., its successors and assigns, to secure payment of the sum of $55,196.00 Dollars and interest, dated 2/13/2003 and recorded on 7/9/2003, in the Office of the Clerk of the County of DUTCHESS in DOCUMENT NO.: 01 2003 15091;

Mortgage (ii) made by JAMES PAGLIARO and DEBRA PAGLIARO given to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE BANK, FSB, its successors and assigns, to secure payment of the sum of $161,446.13 Dollars and interest, dated 3/11/2008 and recorded on 4/4/2008, in the Office of the Clerk of the County of DUTCHESS in DOCUMENT NO.: 01 2008 3724;

Thereafter, mortgages (i) and (ii) were consolidated and modified as to constitute a single lien of $202,492.00 by Consolidation, Extension and Modification Agreement dated 3/11/2008 made by JAMES PAGLIARO and DEBRA PAGLIARO and delivered to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE BANK, FSB, its successors and assigns, and recorded on 4/4/2008 in the Office of the Clerk of the County of DUTCHESS in DOCUMENT NO.: 01 2008 3725;

Assignor: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR AURORA LOAN SERVICES, INC., its successors and assigns
Assignee: BANK OF AMERICA, N.A. SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP F/K/A COUNTRYWIDE HOME LOANS SERVICING, LP
Dated: 11/04/2011      Recorded: 11/17/2011
DOCUMENT NO.: 01 2011 3565A

This Assignment is being made and recorded to correct the Assignment of Mortgage from MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR AURORA LOAN SERVICES, INC., its successors and assigns, into BANK OF AMERICA, N.A. SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP F/K/A COUNTRYWIDE HOME LOANS SERVICING, LP, dated November 4, 2011 and recorded in the Office of the Clerk of the County of Dutchess on November 17, 2011 in DOCUMENT NO.: 01 2011 3565A. The purpose of this correction is to correctly identify the name of the Assignor as MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COUNTRYWIDE BANK, FSB, its successors and assigns.

Assignment of Mortgage executed on 4/24/15 for BANK OF AMERICA N.A., SUCCESSOR BY MERGER TO BAC HOME LOAN SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP to SECRETARY OF HOUSING AND URBAN DEVELOPMENT, to be recorded simultaneously herewith

Assignment of Mortgage executed on 4/24/15 for SECRETARY OF HOUSING AND URBAN DEVELOPMENT to U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, to be recorded simultaneously herewith

ADVANTAGE FORECLOSURE SERVICES, INC.

Title No. FCL-93039-13  (File No. BHLS.105804)

## SCHEDULE A
## DESCRIPTION

### Section 5954, Block 27 and Lot 868876

ALL that certain plot, piece or parcel of land with the buildings and improvements thereon erected, situate, lying and being in the City of Beacon, County of Dutchess and State of New York bounded and described as follows:

BEGINNING at a point on the Easterly side of South Walnut Street at the Southwesterly corner of lands now or formerly of Kovacs;

RUNNING THENCE along said lands of Kovacs South 43 degrees 04 minutes East 109 feet to lands now or formerly of Oliveri;

THENCE South 46 degrees 35 minutes West 35.3 feet to lands now or formerly of Dolan;

THENCE along lands now or formerly of Dolan North 42 degrees 09 minutes West 109.5 feet to the Easterly side of South Walnut Street;

THENCE along the Easterly side of South Walnut Street North 47 degrees 30 minutes East 33.5 feet to the point or place of BEGINNING.

Premises known as 10 South Walnut Street, Beacon, New York



### Dutchess County Clerk Recording Page

Record & Return To:

TD SERVICE CO
4000 W METROPOLITAN DR
STE 400
ORANGE , CA  92868

Date Recorded:  3/8/2017
Time Recorded:  10:13 AM

Document #:    01-2017-1528

Received From:    TD SERVICE CO

Mortgagor:  PAGLIARO JAMES
Mortgagee: U S BANK TRUST NA

Recorded In:    Mortgage
Instrument Type:

Tax District:  City of Beacon

#### Examined and Charged As Follows :

| | |
|---|---|
| Recording Charge: | $111.50 |
| Mortgage Amount: | $98,628.00 |
| Mortgage Type: | 1-2 Family Residence |
| Mortgage Tax County | $493.00 |
| Mortgage Tax MTA Share | $265.80 |
| 1-6 Family | $246.50 |
| Mortgage Tax Local | $0.00 |
| Total Tax: | $1,005.30 |

Serial Number:  DH9979
Affidavit:  Y

Number of Pages: 13

\*\*\* Do Not Detach This Page
\*\*\* This Is Not A Bill

County Clerk By:          cca
Receipt #:                  7610
Batch Record:             48



Bradford Kendall
County Clerk

Mortgage and Consolidation Agreement dated 03/11/2008 originated by MERS, Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Countrywide Bank, FSB its successors and assigns Principal Amount $202,492.00 recorded on 04/04/2008 as Instrument No. 0120083725 in the county of Dutchess, State of New York.

**This mortgage is a subprime home loan subject to New York Banking Law § 6-m.**

Assignment to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust was recorded on 07/13/2015 as instrument No. 01-2015-1464A.
[Space Reserved for Recording Information]
4320569371

### FORECLOSURE FORBEARANCE AGREEMENT – FIXED

Prepared by Caliber Home Loans, Inc. 13801 Wireless Way, Oklahoma City, OK 73134

To the Borrower: This Agreement contains changes in terms which affect your Loan secured by the Property identified below. This is a legal obligation and you should read and understand the terms of this Agreement before you sign it. In the event the referenced debt has been discharged in Bankruptcy, this communication is not intended to collect, assess, or recover a debt, does not alter or amend the terms of that discharge, and is not a "reaffirmation" of the debt.

This Agreement (the "Agreement") is dated as of 9/19/2016 but effective as of the Modification Effective Date defined herein, by and between JAMES PAGLIARO, DEBRA PAGLIARO (collectively, the "Borrower") and Caliber Home Loans, Inc., on behalf of the current investor (the "Servicer").
Borrower is located at the property address. Section: 5954, Block: 27 Lot: 868876

RECITALS:    See Exhibit A, B
    PREMISES ARE OR WILL BE IMPROVED BY 1-2 FAMILY DWELLING ONLY

A.    Borrower has a mortgage loan, account number _____ (the "Loan"). This loan is secured by property commonly referred to as 10 SOUTH WALNUT STREET, BEACON, NY 12508 (the "Property"). The legal description to the Property may be attached to this Agreement by the Servicer if required.

B.    Borrower signed the following documents in connection with the Loan:

   • Note dated 3/11/2008 in the original amount of $202,492.00 (the "Note").

   • Mortgage or Deed of Trust on the Property, recorded in real property records of DUTCHESS COUNTY, NY (the "Mortgage").

   • The Note and the Mortgage, together with all documents signed at the same time as the Note and Mortgage are called the "Loan Documents".

C.    The following amounts are outstanding under the terms of the Note:

| | |
|---|---|
| Unpaid Principal: | $192,221.13 |
| Unpaid Interest: | $59,616.58 |
| Other Unpaid Amounts: | $39,011.42 |
| Total: | $290,849.13 |

   Included in the Other Unpaid Amounts is $0.00, the amount that Servicer has advanced for real property taxes, insurance, water liens, or other amounts that may have become due with respect to the Property. This is known as the "Ancillary Amount".

D.    Borrower is in default for failure to make payments or has demonstrated imminent default under the terms of the Note. Servicer has the right or may have the right to seek remedies for default pursuant to the terms of the Mortgage in order to recover amounts that remain outstanding under the terms of the Note.

E.    Borrower has provided information to Servicer, and Borrower and Servicer want to modify the terms of the Note and Mortgage.

F.    Borrower was discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the Loan Documents. Based on this representation, Servicer agrees that Borrower will not have personal liability on the debt pursuant to this Agreement.

Borrower and Servicer (collectively, the "Parties") agree as follows:

1.    **Borrower's Representations.** Borrower certifies that each of these statements is true;

A.    Borrower is experiencing a financial hardship and is either in default for failure to make payments on the Note or will shortly be in default. Borrower does not have sufficient income or access to sufficient liquid assets to make regular payments on the Note.

FORECLOSURE FORBEARANCE AGREEMENT – FIXED                                    Page 1 of 6
Revised 01/15

# Exhibit A

## Legal Description

**Section 5954, Block 27 and Lot B68876**

ALL that certain plot, piece or parcel of land with the buildings and improvements thereon erected, situate, lying and being in the City of Beacon, County of Dutchess and State of New York bounded and described as follows:

BEGINNING at a point on the Easterly side of South Walnut Street at the Southwesterly corner of lands now or formerly of Kovacs;

RUNNING THENCE along said lands of Kovacs South 43 degrees 04 minutes East 109 feet to lands now or formerly of Oliveri;

THENCE South 46 degrees 35 minutes West 35.3 feet to lands now or formerly of Dolan;

THENCE along lands now or formerly of Dolan North 42 degrees 09 minutes West 109.5 feet to the Easterly side of South Walnut Street;

THENCE along the Easterly side of South Walnut Street North 47 degrees 30 minutes East 33.5 feet to the point or place of BEGINNING.

Premises known as 10 South Walnut Street, Beacon, New York

B.     The Property has not been condemned or is not subject to condemnation proceedings.

C.     There has been no change in the ownership of the Property since the time the Loan Documents were signed.

D.     Borrower has given Servicer information, all of which is true and accurate, regarding Borrower's income and/or liquid assets (with the exception of any information regarding Alimony and Child Support payments, unless the Borrower wants the Servicer to consider that to be income).

E.     All documents and information Borrower has provided to Servicer in connection with this Agreement are true and correct.

F.     Borrower will obtain credit counseling within 30 days of this agreement if the Servicer requires it. Borrower will provide proof of credit counseling if required by Servicer.

2.     **Conditions to Effectiveness of Agreement.**    This Agreement will only be effective after each of these events happen:

A.     Borrower must sign and return a signed original of this Agreement to Servicer on or before 10/04/2016.

B.     Servicer, when it receives this Agreement, will verify the accuracy of Borrower representations.

C.     If the Servicer (in its sole discretion) determines that Borrower's representations are accurate, then Servicer will execute this Agreement and it will become effective as of (the "Modification Effective Date"). If the Servicer determines that the Borrower's representations are not accurate, then the Servicer will notify the Borrower and this Agreement will not become effective.

3.     **Modification of the Loan Documents.** If all the conditions outlined above are met, then your Loan is modified as follows:

**Summary of Modification:** We may reduce the balance on which interest is accruing and we may permanently lower the interest rate of your Note. Certain amounts are deferred, meaning that the amounts remain outstanding under the terms of the Note, but they will be collected by the Servicer at a later date.

| | |
|---|---|
| New Principal Balance: | $199,221.13 |
| New Interest Rate: | 5.875% |
| New P&I Payment: | $1,040.83 |
| Monthly Escrow Payment: | $584.61 |
| Ancillary Monthly Payment: | $0.00 |
| Total New Monthly Payment: | $1,625.44 |
| | |
| Deferred Amount: | $96,592.26 |
| | |
| New Maturity Date (if applicable): | 10/1/2056 |
| Modification Effective Date: | 10/1/2016 |
| First Modification Payment Date: | 11/1/2016 |

These Definitions apply to the categories above:

New Principal Balance: This is the principal balance Servicer has agreed to use for this modification and is used to calculate your payment. This is the principal balance upon which interest will continue to accrue.

New Interest Rate: This is the interest rate that will be in effect under this Agreement. This rate is "fixed" and will not change. Any provision in the Loan Documents that allows for a change in your interest rate is cancelled.

New P&I Payment: This is the monthly principal and interest payment for your loan based upon the New Principal Balance, New Interest Rate and the number of months to the New Maturity Date. Because the interest rate is "fixed" and will not change, this amount will not change so long as this Agreement is in effect.

Monthly Escrow Payment: This is your monthly payment into an escrow account and this amount is calculated in accordance with the Loan Documents and State and Federal law. This amount may change from time to time if escrow items (primarily taxes and insurance) increase or decrease.

Ancillary Monthly Payment: This includes some or all amounts that Servicer has advanced for real property taxes, insurance, water items, or other amounts that may have become due with respect to the Property. Servicer has spread the repayment Ancillary Amounts over a period of _____ months.

Total New Monthly Payment: This is the sum of the New P&I Payment, Monthly Escrow Payment and Ancillary Monthly Payment.

New Maturity Date: This is the date on which the Note matures.

Modification Effective Date: This is the date that interest begins to accrue at the rate set forth in this Agreement.

First Modification Payment Date: This is the date on which your first modified payment is due.

Deferred Amount: The Deferred Amount consists of amounts that are outstanding under the terms of the Note and Loan Documents, but which Servicer has agreed to not collect until payment in full of the debt or the New Maturity Date, whichever happens first. The Deferred Amount may consist of some principal, and can consist of interest outstanding but not paid, outstanding Servicer fees or charges, and advances made by the Servicer.

**PLEASE NOTE:** The Deferred Amounts will be collected by the Servicer at the earlier of payment in full of the Note or the New Maturity Date. If the Borrower sells the Property or refinances the Loan, the Borrower will be required to pay this Deferred Amount in addition to any other amounts due at that time. Otherwise, these amounts will remain outstanding on the New Maturity Date and are required to be paid at that time. This means that if the Borrower makes all the payments required by this Agreement the Deferred Amount will still be owed to Servicer.

4.  Events of Default. Borrower will be in default and Servicer may terminate this Agreement, if:

    A.  Borrower fails to make any payments required by this Agreement within 15 days of any due date for a payment, or

    B.  Borrower fails to comply with any other terms or conditions created by this Agreement or the Loan Documents.

5.  Additional Agreements. The Parties further agree to and acknowledge each of the following:

    A.  All persons who signed the Loan Documents must sign this document in person or by an authorized representative (unless an original signor is deceased). Borrower, by signing this Agreement, will be presumed to have read this Agreement and understand the terms of this Agreement.

    B.  This Agreement takes the place of any other agreement that Borrower may have or have had in the past with Servicer including any prior modification or forbearance agreements.

    C.  This Agreement constitutes notice that any waiver by the Lender, Noteholder or Servicer as to payment of taxes, insurance and other escrow items has been revoked. Where allowed under the Loan Documents, this Agreement established an escrow account for the Loan and Borrower will make monthly payments to an escrow account established by Servicer. These payments will be calculated as required by the Loan Documents. Servicer will not pay Borrower interest on the escrow deposit unless required by State or Federal law.

    D.  The Loan Documents are properly and duly executed by all parties who were required to execute them and are a valid, binding obligation of the parties to those documents, and each Loan Document is enforceable in accordance with its terms.

Printed Page 5 of 16

#:

E. Except as specifically modified by this Agreement, the terms of the Loan Documents are in full force and effect. This Agreement does not replace or release any of the Loan Documents, except as specifically modified by this Agreement.

F. If the Property is sold, transferred or conveyed to any person or entity without the consent of the Servicer, then if allowed by State or Federal law, Servicer may terminate this Agreement, and require that the balance of the Note together with any fees and other unpaid amounts be repaid in full (meaning that Servicer can accelerate the Note.) In that event, Servicer will give you thirty (30) days notice of Acceleration and if the Note has not been paid in full after that time, Servicer may pursue the remedies in the Mortgage, including foreclosure.

G. Borrower may not assign and no person other than the Borrower may assume Borrower's rights under this Agreement or the Loan Documents.

H. The Servicer may choose to waive a default under this Agreement or the Loan Documents, but a waiver of any event of default will not be understood to waive similar defaults in the future or other defaults that may occur.

I. Borrower hereby confirms that this Agreement represents the entire agreement between Borrower and Servicer with respect to the subject matter herein, and that no other prior terms, obligations, covenants, representations, statements or conditions, oral or otherwise, of any kind whatsoever concerning the modification of the Loan Documents that are inconsistent with the terms of this Agreement shall affect the Loan Documents or negate the operation and effect of this Agreement.

J. Any expenses incurred in conjunction with the servicing of the Loan, but not yet charged to the Loan account as of the date of this Agreement, may be charged to the Loan and secured by the Mortgage after the Modification Effective Date.

K. If Servicer makes advances for payment of taxes or insurance, accrues interest, or posts late or other fees to the Loan, each of which is permissible under the Loan Documents to add to amounts outstanding under the Note, between the date Servicer generates this Agreement and the First Modification Payment Date, then these amounts will either become Deferred Amounts under the Loan Documents or will be offset with a portion of Good Faith funds, if applicable. Any addition of Deferred Amounts or offset of advances pursuant to this section will be reflected on Borrower's periodic statement.

L. Borrower will execute such other documents or papers as may be reasonably necessary or required by Servicer to effectuate the terms and conditions of this Agreement.

M. Borrower is advised that forgiveness of debt (if applicable) may have adverse credit and legal consequences and may result in taxable income to Borrower. Borrower is advised to seek advice from an attorney, certified public accountant or other expert regarding potential consequences of any principal reduction. Borrower hereby acknowledges that Servicer is giving Borrower no such advice.

## NOTICES TO CONSUMERS PRESENTLY IN BANKRUPTCY OR WHO HAVE A BANKRUPTCY DISCHARGE:

In the event you are subject to an "Automatic Stay" issued by a United States Bankruptcy Court, this communication is not intended to collect, assess, or recover a debt.

In the event the referenced debt has been discharged in Bankruptcy, this communication is not intended to collect, assess, or recover a debt, does not alter or amend the terms of that discharge, and is not a "reaffirmation" of the debt. Nor does this communication constitute either a demand for payment or a notice of personal liability.

Unless the Bankruptcy Court has ordered otherwise, please also note that despite any Bankruptcy filing, whatever rights we hold in the Property that secures the obligation remain unimpaired. This means that, unless otherwise ordered by the Bankruptcy Court, if the requirements of the Loan Documents are not met and the "Automatic Stay" is no longer in effect, we can pursue whatever in rem rights we hold in the Property pursuant to the Mortgage, such as the right to foreclose.

FORECLOSURE FORBEARANCE AGREEMENT – FIXED
Revised 01/15

Page 4 of 6

This notice is not intended as legal advice. You should consult your lawyer if you have any legal questions about your rights.

**BALLOON PAYMENT DISCLOSURE**

This Modification Agreement defers certain amounts, which creates a balloon, that will be paid by the Servicer at the earlier of payment in full of the Note or the maturity date. Because these amounts are not included in your regular scheduled payments, even if you make all payments required by this agreement, the loan will not be paid in full at maturity. You may be required to pay the entire outstanding balance in a single payment at the lien maturity. Neither the Servicer nor Lender has any obligation to refinance or to offer you a extended maturity. You may have to seek new third-party financing and incur other additional costs at the time the balloon becomes due.

In Witness Whereof, Servicer and Borrower have executed this Agreement as of the dates indicated below.

_[signature]_

JAMES PAGLIANO

Date: _1/1/16_

_[signature] Debra Pagliano_

DEBRA PAGLIANO

Date: _1/1/16_

Account Number: _[redacted]_

_[signature]_ Witness Signature

_[signature]_ Witness Signature

_[signature] John Brooks_

By: _[signature]_

Date: _1/8/16_

Robin Brooks Sr. Loss Mitigation Analyst

FORECLOSURE FORBEARANCE AGREEMENT – FIXED
Revised 01/13

Page 5 of 5

New York Acknowledgement of Conveyance

**State of New York**

County of ___Dutchess___

On the ___1st___ day of ___November___ in the year ___2016___ before me, the undersigned, a Notary Public in and for said State, personally appeared ___Jerrel + Thelma Mastro___ personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Notary Signature: _____

Printed Name: ___Joseph A. Petrinella___

Stamp Seal Below

JOSEPH A. PETRINELLA
Notary Public, State of New York
Resident in and for Dutchess County
Commission Expires January 31, ___2019___
Reg. #4802789

Page 6 of 6

Caliber Home Loans, Inc., as loan servicer and attorney in fact for U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.

Robin Brooks Sr. Loss Mitigation Analyst

**Print Name and Title:**

Signature:

NOV 0 8 2016

**Date:**

**Servicer Loan Number:** ███████

State of  Oklahoma

County of  Oklahoma

On the  8th  day of  November  in the year  2016  before me, the undersigned, a Notary Public in and for the said state, personally appeared Robin Brooks, Sr. Loss Mitigation Analyst , personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Notary Signature:

Printed Name:    R. Carattini Notary Public

<u>Borrower(s) and notary must sign all documents on the same day.</u> Borrower(s) cannot sign any other documents prior or after the notary date. (Revised 8/27/14)

STAMP SEAL BELOW



## Exhibit B

## Chain of Title

1. A certain Mortgage bearing the date of 02/13/2003 in the principal amount $55,196.00 was made by James Pagliaro and Debra Pagliaro as Mortgagor(s) to Mortgage Electronic Registration Systems Inc., acting solely as a nominee for Aurora Loan Services., its successors and assigns as original Mortgagee, recorded on 07/09/2003 as Instrument Number: 01200315091, in the County of Dutchess, State of New York, upon which the mortgage tax was duly paid thereon.

2. A certain Mortgage bearing the date of 03/11/2008 in the principal amount $161,446.13 was made by James Pagliaro and Debra Pagliaro as Mortgagor(s) to Mortgage Electronic Registration Systems Inc., acting solely as a nominee for Countrywide Bank, FSB its successors and assigns as original Mortgagee, recorded on 04/04/2008 as Instrument Number: 0120083724, in the County of Dutchess, State of New York, upon which the mortgage tax of $2,068.20 was duly paid thereon.

3. Mortgage and Consolidation Agreement dated 03/11/2008 made by James Pagliaro and Debra Pagliaro and Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Countrywide Bank, FSB, its successors and assigns with unpaid principal balance of $41,045.87 the total taxable added amount of $161,446.13 securing the Unpaid Principal Sum of $202,492.00 was recorded on 04/04/2008 as Instrument Number: 0120083725, in the County of Dutchess, State of New York. Taxes for the taxable amount were paid on the Liber Book entry of Instrument Number# 0120083724, recorded date of 04/04/2008 for the amount of $2,068.20 in the County of Dutchess, State of New York.

4. Assignment dated 11/04/2011 from Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Aurora Loan Services, Inc., its successors and assigns to Bank of America, N.A. successor by merger to Bac Home Loans Servicing, LP F/K/A Countrywide Home Loans Servicing, LP recorded on 11/17/2011 as Instrument Number: 0120113565A, in the County of Dutchess, State of New York.

5. Corrective Assignment dated 01/15/2014 from Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Countrywide Bank, FSB its successors and assigns to Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, recorded on 02/03/2014 as Instrument Number: 012014341A, in the County of Dutchess, State of New York. This Assignment is being made and recorded to correct the Assignment of Mortgage from Mortgage Electronic Registration Systems, Inc., as Nominee for Aurora Loan Services, Inc., its successors and assigns, into Bank of America, N.A. successor by

Printed Page 11 of 16

Merger to Bac Home Loans Servicing, LP F/K/A Countrywide Home Loans Servicing, LP, dated November 4, 2011 and recorded in the Office of the Clerk of the County of Dutchess on November 17, 2011 in Document No. 0120113565A. The purpose of this correction is to correctly identify the name of the Assignor as Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Bank, FSB, its successors and assigns.

6.  Assignment dated 04/24/2015 from Bank of America N.A., successor by merger to BAC Home Loan Servicing, LP F/K/A Countrywide Home Loans Servicing LP to Secretary of Housing and urban Development, recorded on 07/13/2015 as Instrument Number: 01-2015-1463A, in the County of Dutchess, State of New York.

7.  Assignment dated 04/24/2015 from Housing and Urban Development to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, recorded on 07/13/2015 as Instrument Number: 01-2015-1464A, in the County of Dutchess, State of New York.



**DOCUMENT PREPARED BY:**
Caliber Home Loans, Inc.
13801 Wireless Way
Oklahoma City, OK 73134

**AND WHEN RECORDED MAIL TO:**
T.D. Service Company
ATTN LR Department (Cust# 673)
4000 W. Metropolitan Dr, Ste 400
Orange, CA 92868

Service No: **4320559DT1**

SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY

## MODIFICATION AGREEMENT

New Money $98,628.00 ✓
DISTRICT: N/A
SECTION: 5954 BLOCK: 27 LOT: 868876

DUTCHESS COUNTY    #1528
CLERK'S OFFICE
RECEIVED
2017 MAR -8 AH 10: 13

**AFFIDAVIT UNDER SECTION 255 OF THE NEW YORK STATE LAW**

(MODIFICATION AGREEMENT)

State of: Oklahoma)    SS.:

County of: Oklahoma)

J. Robin Brooks, Sr. Loss Mitigation Analyst, being duly sworn, deposes and says:

1. That he/she is the agent for the owner and holder of the hereinafter described mortgage, and is familiar with the facts set forth herein.

2. A certain Mortgage bearing the date of 02/13/2003 in the principal amount $55,195.00 was made by James Pagliaro and Debra Pagliaro as Mortgagor(s) to Mortgage Electronic Registration Systems Inc., acting solely as a nominee for Aurora Loan Services., its successors and assigns as original Mortgagee, recorded on 07/09/2003 as Instrument Number: 01200315091, in the County of Dutchess, State of New York, upon which the mortgage tax was duly paid thereon.

   A certain Mortgage bearing the date of 03/11/2008 in the principal amount $161,446.13 was made by James Pagliaro and Debra Pagliaro as Mortgagor(s) to Mortgage Electronic Registration Systems Inc., acting solely as a nominee for Countrywide Bank, FSB its successors and assigns as original Mortgagee, recorded on 04/04/2008 as Instrument Number: 0120083724, in the County of Dutchess, State of New York, upon which the mortgage tax of $2,068.20 was duly paid thereon.

   Mortgage and Consolidation Agreement dated 03/11/2008 made by James Pagliaro and Debra Pagliaro and Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Countrywide Bank, FSB, its successors and assigns with unpaid principal balance of $41,045.87 the total taxable added amount of $161,446.13 securing the Unpaid Principal Sum of $202,492.00 was recorded on 04/04/2008 as Instrument Number: 0120083725, in the County of Dutchess, State of New York. Taxes for the taxable amount were paid on the Liber Book entry of Instrument Number# 0120083724, recorded date of 04/04/2008 for the amount of $2,068.20 in the County of Dutchess, State of New York.

   Assignment dated 11/04/2011 from Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Aurora Loan Services, Inc., its successors and assigns to Bank of America, N.A. successor by merger to Bac Home Loans Servicing, LP F/K/A Countrywide Home Loans Servicing, LP recorded on 11/17/2011 as Instrument Number: 0120113565A, in the County of Dutchess, State of New York.

   Corrective Assignment dated 01/15/2014 from Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Countrywide Bank, FSB its successors and assigns to Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, recorded on 02/03/2014 as Instrument Number: 012014341A, in the County of Dutchess, State of New York. This Assignment is being made and recorded to correct the Assignment of Mortgage from Mortgage Electronic Registration Systems, Inc., as Nominee for Aurora Loan Services, Inc., its successors and assigns, into Bank

   Page 1 of 3

Printed Page 14 of 16

#:

of America, N.A. successor by Merger to Bac Home Loans Servicing, LP F/K/A Countrywide Home Loans Servicing, LP, dated November 4, 2011 and recorded in the Office of the Clerk of the County of Dutchess on November 17, 2011 in Document No. 0120113565A. The purpose of this correction is to correctly identify the name of the Assignor as Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Bank, FSB, its successors and assigns.

Assignment dated 04/24/2015 from Bank of America N.A., successor by merger to BAC Home Loan Servicing, LP F/K/A Countrywide Home Loans Servicing LP to Secretary of Housing and urban Development, recorded on 07/13/2015 as instrument Number: 01-2015-1463A, in the County of Dutchess, State of New York.

Assignment dated 04/24/2015 from Housing and Urban Development to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, recorded on 07/13/2015 as instrument Number: 01-2015-1464A, in the County of Dutchess, State of New York.

3. The Instrument offered for recording herewith is a Modification made by James Pagliaro and Debra Pagliaro at 10 South Walnut Street Beacon New York 12508 to Caliber Home Loans, Inc., at 13801 Wireless way Oklahoma City, Ok 73134 effective 09/19/2016 and to be recorded in the Dutchess County Clerk's Office.

4. The instrument offered for recording modifies and does not create or secure any new or further lien, indebtedness or obligation other than the principal indebtedness or obligation secured by or which under any contingency may be secured by the recorded mortgage hereinabove first described with the exception of the following amount:

   a) $192,221.13 Current Balance
   b) $290,849.13 New Balance.
   c) B minus A equals $98,628.00 New Money.
   d) Additional obligation secured by mortgage as modified.

Additional mortgage recording tax of $1282.16 is therefore being paid on this Modification on the sum set forth in 4c.

Page 2 of 3

That the purpose of this Affidavit is to request that the principal balance on the prior mortgage be exempt from payment of a Mortgage Tax pursuant to section 255 of the New York Law and the tax be imposed only upon the amount of the new indebtedness.

Robin Brooks Sr. Loss Mitigation Analyst
_____
Print name and Title

_____
Signature

Subscribed and sworn to this 08th day of _November_____, 2016

R. Carattini Notary Public
_____
Print name and Title

_____
Signature

RAFAEL CARATTINI JR.
NOTARY
# 16008371
EXP. 08/30/20
PUBLIC
STATE OF OKLAHOMA

EXEMPTION ALLOWED
Serial No: _OLV/A79_
Tax Collected: $1,006.30

By_____
DUTCHESS COUNTY CLERK
BRADFORD KENDALL

Page 3 of 3